OSCAR H. WILLSON, Appellant, *v.* AMERICAN RAILWAY
EXPRESS COMPANY, Respondent.

*Carriers — conversion — action to recover for conversion of goods shipped
by express — failure to comply with agreement of agent to divert car
thereby adding materially to express charges by reason of which con-
signee refused to accept shipment — defense that diverting car would be
violative of rules and rates approved by Interstate Commerce Commission.*

*Willson* v. *Am. Ry. Express Co.*, 204 App. Div. 59, affirmed.
(Argued October 16, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment, entered Janu-
ary 19, 1923, upon an order of the Appellate Division
of the Supreme Court in the fourth judicial department,
reversing a judgment of the Niagara County Court,
which modified and affirmed as modified a judgment of
the City Court of Lockport in favor of plaintiff, and
directing a dismissal of the complaint and judgment in
favor of defendant upon its counterclaim. The action
was brought to recover damages in conversion for failure
of the defendant to deliver at Lexington, Ky., a shipment
of cantaloupes from Horatio, Ark., to Terre Haute, Ind.,
and from Terre Haute, Ind., to Lexington, Ky. The
defendant, in its defense, denied liability for this amount
and interposed a counterclaim for an amount representing
the difference between the freight rates from Horatio,
Ark., to Terre Haute, Ind., and from Terre Haute to
Lexington, Ky., and the amount realized by the defend-
ant from the sale of said shipment. It is undisputed
that defendant's local agent informed plaintiff that the
car might be diverted from Terre Haute to Lexington
and that plaintiff so directed and that, nevertheless, the
car was reconsigned, adding materially to the express
charges, by reason of which the consignee refused to
accept the shipment. The defense was that the car
could not be diverted under the tariff rates and rules
approved by the Interstate Commerce Commission and
in force at that time, and that any agreement to divert
the car in violation of the rates and rules on file with
said Commission was void and not binding upon the
defendant.

*Montford C. Holley* for appellant.

*Percy R. Smith* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: POUND, J.

---

AUGUST LOHMAN, Respondent, *v.* MAX M. HART et al., Appellants.

*Fraud — action to recover money alleged to have been paid by plaintiff to defendants by reason of the latter's false representations.*

*Lohman* v. *Hart,* 209 App. Div. 836, affirmed.

(Argued October 16, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 2, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover $1,600 alleged to have been obtained by the defendants from the plaintiff on or about the 1st day of June, 1922, through alleged false representations by the defendants. The complaint in substance alleged that while the plaintiff was under arrest and in custody charged with violation of the Volstead Act, these defendants falsely represented to the plaintiff that his bail had been fixed at $5,000, and that if he would secure the defendants to the extent of $2,000 they would furnish the additional $3,000 as the indemnity for such bail; that the plaintiff relying upon such misrepresentations gave to the defendants $1,600; that the plaintiff's bail was actually fixed at $1,000, and that the defendants refused to return the said $1,600.

*Henry Epstein* and *Maurice Smith* for appellants.

*William L. Wemple* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.