Francis J. Donovan, J.
The agreed facts in this case are as follows:
1. That on or about November 14,1963, by a uniform straight bill of lading, the defendant did ship 29 pieces of steel with the total weight of 33,690 pounds from the defendant’s plant at Titusville, Pennsylvania, to the office of the defendant at Westbury, New York.
2. That such .shipment and bill of lading was between the defendant and Erie Pittsburgh Motor Express.
3. That the .said shipment was made on the basis of a quotation or agreed price for transit at a rate of 59 cents per pound.
4. That the said Erie Pittsburgh Motor Express delivered the aforesaid 29 pieces of steel to the plaintiff Ward Trucking Corp. for delivery by Ward Trucking Corp. to Meldon Steel Co., Inc.
5. That the said Erie Pittsburgh Motor Express did not have Interstate Commerce Commission lines between Pennsylvania and New York and delivered the .said merchandise to the plaintiff, an interstate carrier.
6. That the said delivery was duly made by the plaintiff and the plaintiff billed the defendants at the rate of $1.07 per pound, which said rate is according to I. C. C. schedules.
7. That the plaintiff is bound to bill pursuant to the I. C. C. schedules pursuant to I. C. C. regulations.
It would seem clear that defendant could not as a matter of law be required to pay more than the agreed rate of 59 cent's per pound.
However, the fact that the shipment came under the jurisdiction of the I. C. C. with a schedule rate of $1.07 per pound requires a consideration of Sewall v. Weeks Moving & Stor. Corp. (9 Misc 2d 338, 339).
It was there held: “ Per Curiam. Notwithstanding the erroneous quotation of a lower rate, plaintiff was required to pay the minimum rate fixed by the tariffs duly filed with the Interstate Commerce Commission (Louisville & Nashville R. R. Co. v. Maxwell, 237 U. S. 94; Pennsylvania R. R. Co. v. Titus, 216 N. Y. 17, 22, 23; Wilson v. American Ry. Express Co., 204 App. Div. 59, affd. 239 N. Y. 562).”
The theory seems to be that an agreement for a rate less than the filed tariff would be illegal and the parties to the agreement are charged with that knowledge.
The Seivall case is predicated on error between the contracting parties.
*572 The basic agreement in this case was for a definite rate between an unregulated carrier and defendant. In the Sewall case the agreement seems to have been with a regulated carrier.
At best plaintiff here is in the situation of an assignee of Erie Pittsburgh Motor Express. If the contract could not legally be executed by Erie because it lacked I. C. C. authority, neither Erie nor its assignee should be rewarded with a higher rate than the agreed rate.
The latter consideration makes this case different from Sewall. The Per Curiam opinion in Sewall must be construed as applying to the case where an authorized and regulated interstate carrier, in good faith, makes an erroneous estimate or quotation.
To extend that case beyond its facts would seem to encourage fraudulent contracts by unauthorized carriers at the expense of innocent shippers.
Judgment may be entered in favor of defendant.